```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,                :
DEPARTMENT OF TREASURY,                  :
INTERNAL REVENUE SERVICE,                :
                                         :
                    Appellant,           :     **MEMORANDUM AND ORDER**
                                         :     **CERTIFYING DIRECT APPEAL**
          -against-                      :     **TO THE SECOND CIRCUIT**
                                         :         24-mc-1328(DLI)
LAURA CHARLENE GOEBEL,                   :
                                         :
                    Appellee.            :
-----------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On April 2, 2024, the United States of America, Department of Treasury, Internal Revenue Service ("Appellant" or the "Government") filed a motion for leave to file an interlocutory appeal from the Eastern District of New York Bankruptcy Court's March 18, 2024 order denying the Government's motion to dismiss for lack of subject matter jurisdiction or to abstain pursuant to 28 U.S.C. § 1334(c). *See*, Mot. for Leave to Appeal ("Appellant's Mot."), Dkt. Entry No. 1; *Goebel v. U.S.*, 1-22-01085 ("Bankr. Ct. Op."), Dkt. Entry No. 28-2. Laura Charlene Goebel ("Appellee" or "Goebel") opposed Appellant's motion. Opp'n, Dkt. Entry No. 5. Appellant replied. Reply, Dkt. Entry No. 8.

For the reasons set forth below, the Court finds that it must deny the Government's motion for leave to appeal to this Court and certify this appeal directly to the Second Circuit Court of Appeals as it "involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States." *See*, 28 U.S.C. § 158(d)(2)(A)–(B).

## BACKGROUND

On September 2, 2022, Goebel filed a Chapter 7 bankruptcy petition, and, on October 23,

2022, filed an adversary complaint against the Government seeking a declaratory judgment that her "income tax obligations for the calendar years 2008 through 2018 and all penalties and interest associated therewith, [are] dischargeable obligations pursuant to § 523(a)(1) of the Bankruptcy Code." *Goebel v. U.S.*, 1-22-01085 (the "Adversary Complaint"), Dkt. Entry No. 1 ¶ 1; *In re Goebel*, 1-22-42103. At the time Goebel filed the Adversary Complaint, the Government neither had taken any position regarding the dischargeability of her tax debts nor commenced or threatened to commence any collection activity. *See*, Appellant's Mot. at 14–15, 29. However, on March 14, 2023, the Government filed a complaint in this Court seeking a money judgment for Goebel's tax liability for the years 2010 through 2018 arguing that she "willfully attempted . . . to evade or defeat" tax collection within the meaning of 11 U.S.C. § 523(a)(1)(C). *See*, *U.S. v. Goebel*, 23-cv-1944(DLI)(VMS), Dkt. Entry No. 1.

On April 21, 2023, the Government filed a motion in the Bankruptcy Court to dismiss the Adversary Complaint or for the Bankruptcy Court to abstain from the case pursuant to 28 U.S.C. § 1334(c), arguing that: (1) the case was not ripe at the time Goebel filed the Adversary Complaint because the Government had not taken any position regarding the dischargeability of her tax debts; and (2) in any event, the Declaratory Judgment Act's bar on relief "with respect to Federal taxes" precludes Plaintiff's claims. *Goebel v. U.S.*, 1-22-01085, Dkt. Entry No. 13. On March 18, 2024, the Bankruptcy Court denied the Government's motion holding that: (1) Goebel may cure any ripeness issue by supplementing the Adversary Complaint pursuant to Fed. R. Civ. P. 15(d) to allege facts that rendered the case ripe *after* the initial filing; and (2) the Declaratory Judgment Act does not preclude the relief sought by Goebel. Bankr. Ct. Op. at 18–34. The Bankruptcy Court refused to abstain from the case underscoring the importance of a debtor's "fresh start" in bankruptcy. *Id.* at 34–38. The Government then sought an interlocutory appeal of the Bankruptcy

Court's denial of its motion in this Court.

## DISCUSSION

### I. Direct Appeals in Bankruptcy Cases

District courts usually hear bankruptcy appeals first, prior to any appeal to the circuit courts of appeal ("circuit courts"). *See*, 28 U.S.C. § 158(a). However, in 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), which provides a mechanism for "leapfrogging the district court in the appeals process." *Homaidan v. Sallie Mae, Inc.*, 2020 WL 5668972, at *1 (E.D.N.Y. Feb. 25, 2020) (quoting *Weber v. United States*, 484 F.3d 154, 160 (2d Cir. 2007)). The BAPCPA allows circuit courts to hear a final or interlocutory appeal of a bankruptcy court order "if the bankruptcy court, the district court . . . or all the appellants and appellees (if any) acting jointly" certify that *one or more* of the following circumstances exists: (1) "the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance"; (2) "the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions"; or (3) "an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken." 28 U.S.C. § 158(d)(2)(A).

A district court may certify such appeals "on its own motion" without the parties' request. 28 U.S.C. § 158(d)(2)(B). Crucially, if "the district court . . . determines" that an enumerated circumstance exists, "then the . . . district court . . . *shall* make the certification" to the circuit court. *Id.* (emphasis added). Thus, the district court's obligation is *mandatory*. The circuit court then decides, in its discretion, whether to "authorize[] the direct appeal . . .". 28 U.S.C. § 158(d)(2)(A).

3

**II.     Analysis**

The Bankruptcy Court *sua sponte* ordered Goebel to cure the apparent lack of ripeness by supplementing the Adversary Complaint pursuant to Fed. R. Civ. P. 15(d). Bankr. Ct. Op. at 21–23. As an initial matter, neither the parties, the Bankruptcy Court, nor this Court are aware of any controlling Second Circuit or Supreme Court precedent that has addressed the underlying ripeness issue presented here. Nonetheless, the Bankruptcy Court reasoned that, "whether or not there was a ripe case or controversy at the time the complaint was filed, there is now a ripe case or controversy due to [the Government's] pursuit of the Debtor by commencing the District Court action." Bankr. Ct. Op. at 38.

"[R]ipeness is a jurisdictional inquiry." *See*, *Sunrise Detox V, LLC v. City of White Plains*, 769 F.3d 118, 121 (2d Cir. 2014); *Vandor, Inc. v. Militello*, 301 F.3d 37, 38 (2d Cir. 2002) (same). However, the Second Circuit "never squarely [has] addressed whether events occurring after the filing of a complaint may cure a jurisdictional defect that existed at the time of initial filing." *Saleh v. Sulka Trading Ltd.*, 957 F.3d 348, 354 (2d Cir. 2020); *See also*, *Donnelly v. Controlled Application Rev. & Resol. Program Unit*, 37 F.4th 44, 51 n.4 (2d Cir. 2022) (same); *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 390 (2d Cir. 2021) (citing with approval sister circuits' decisions holding that events occurring after the filing of a complaint may cure a jurisdictional defect that existed at the time of the initial filing, but emphasizing that they "have never taken a position on the issue (and do not do so here)").

Accordingly, pursuant to 28 U.S.C. § 158(d)(2)(B), this Court denies the Government's motion for leave to appeal to this Court, without prejudice, and certifies the following issues for direct appeal to the Second Circuit Court of Appeals:

(1)     whether actions seeking a determination regarding the dischargeability of a tax debt

4

are ripe before the Government engages in collection activity or takes any position on the issue; and

(2) if not, whether supplementation pursuant to Rule 15(d) can cure the jurisdictional defect of lack of ripeness by alleging facts that occurred after the initial filing.

The Bankruptcy Court's decision regarding the Declaratory Judgment Act also involves an issue for which there is no controlling decision from the Second Circuit or Supreme Court. The Declaratory Judgment Act provides that courts may declare the rights and obligations of parties in any "case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or [certain tariff issues]." 28 U.S.C. § 2201(a) (emphasis added). However, the Adversary Complaint sought a dischargeability determination "pursuant to § 523(a)(1) of the Bankruptcy Code," which is not one of the enumerated exceptions to the bar on relief "with respect to Federal taxes." Adversary Complaint ¶ 1. The Bankruptcy Court held that the Declaratory Judgment Act does not preclude dischargeability determinations pursuant to § 523. Bankr. Ct. Op. at 26–27. The Bankruptcy Court, *inter alia*, relied on out-of-circuit cases suggesting that such determinations are permissible. Bankr. Ct. Op. at 26–34 (citing *Bostwick v. U.S.*, 521 F.2d 741 (8th Cir. 1975); *McKenzie v. U.S.*, 536 F.2d 726 (7th Cir. 1976)). Neither the parties, the Bankruptcy Court, nor this Court are aware of any controlling Second Circuit or Supreme Court authority that has addressed this issue. Accordingly, this Court also certifies the issue regarding the scope of the Declaratory Judgment Act's bar on relief "with respect to Federal taxes" for direct appeal to the Second Circuit as well.

As a separate basis for certifying this appeal, the Court notes that an immediate appeal also may "materially advance the progress of [this] case" as it could terminate the litigation in the

Bankruptcy Court for lack of subject matter jurisdiction.  28 U.S.C. § 158(d)(2)(A)(iii).

## **CONCLUSION**

For the reasons set forth above, the Government's motion for leave to appeal to this Court is denied without prejudice and this Court certifies this case for direct appeal to the Second Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2)(A)–(B).  The Clerk of the Court is directed to transmit a copy of this Memorandum and Order to the Second Circuit.

SO ORDERED.

Dated: Brooklyn, New York
       August 8, 2024

                                                    /s/
                                            DORA L. IRIZARRY
                                          United States District Judge